IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00821-WJM-BNB

FRANCES RILEY,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
LAW OFFICES OF ROBERT J. HOPP & ASSOCIATES, LLC,
ROBERT J. HOPP, and
SALLY ZEMAN,

Defendants.

_____

**ORDER**
_____

The plaintiff commenced this action on March 30, 2012, by filing a "Verified Complaint to Set Aside a Wrongful Foreclosure and for Damages" [Doc. #1] (the "Complaint"). The district judge ordered the plaintiff to effect service on the defendants no later than May 2, 2012 [Doc. #4]. On June 18, 2012, the plaintiff filed a "Notice of Filing Proofs of Service" [Doc. #12] (the "Notice"). The Notice shows that the plaintiff attempted to effect service on defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman by certified mail.

Because the state and federal rules do not provide for service by certified mail, I ordered the plaintiff to show cause why this case should not be dismissed as against defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.

D.C.COLO.LCivR 41.1.  I warned the plaintiff that failure to show cause would result in my recommendation that the Complaint be dismissed as to defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman.

On August 27, 2012, the plaintiff filed a response to the show cause order [Doc. #19]. The plaintiff states that she misunderstood the rules and that she "truly believed that she was properly serving Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zemen."  She does not request an extension of time to properly serve the defendants.  She simply "Moves the Court to be lenient."

Under the Federal Rules of Civil Procedure:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m), Fed. R. Civ. P.

IT IS ORDERED that on or before **September 24, 2012**, the plaintiff shall file proof of proper service on defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman.  Failure to show proof of proper service on or before September 24, 2012, will result in my recommendation that the Complaint be dismissed as to defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman.

Dated September 4, 2012.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge