IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00821-WJM-BNB

FRANCES RILEY,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
LAW OFFICES OF ROBERT J. HOPP & ASSOCIATES, LLC,
ROBERT J. HOPP, and
SALLY ZEMAN,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff commenced this action on March 30, 2012, by filing a "Verified Complaint to Set Aside a Wrongful Foreclosure and for Damages" [Doc. #1] (the "Complaint"). The district judge ordered the plaintiff to effect service on the defendants no later than May 2, 2012 [Doc. #4].

On June 18, 2012, the plaintiff filed a "Notice of Filing Proofs of Service" [Doc. #12] (the "Notice"). The Notice shows that the plaintiff attempted to effect service on defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman by certified mail. The state and federal rules do not provide for service by certified mail. Therefore, the plaintiff failed to comply with the district judge's order to serve these defendants.

In addition, the plaintiff failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The plaintiff filed her Complaint on March 30, 2012. The 120 days for service provided in Rule 4(m) expired on July 28, 2012.

Consequently, I ordered the plaintiff to show cause why this case should not be dismissed as against defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court [Doc. #15]. D.C.COLO.LCivR 41.1. I warned the plaintiff that failure to show cause would result in my recommendation that the Complaint be dismissed as to defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman.

In her response to the show cause order [Doc. #19], the plaintiff stated that she misunderstood the rules and that she "truly believed that she was properly serving Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zemen." I granted the plaintiff until September 24, 2012, to file proof of service on the defendants [Doc. #20]. I again warned her that failure to show proof of service on or before September 24, 2012, would result in my recommendation that the Complaint be dismissed as to defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman.

The plaintiff has not filed proof of service on defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman.

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE as to defendants Robert J. Hopp & Associates, LLC; Robert J. Hopp; and Sally Zeman for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.[1]

Dated September 27, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).