IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00821-WJM-BNB

FRANCES RILEY,

Plaintiff,

v.

JP MORGAN CHASE BANK N.A., and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter arises on **Defendant Mortgage Electronic Registration Systems, Inc.'s**

**Motion to Dismiss** [Doc. #9, filed 05/29/2012] (the "Motion").  I respectfully RECOMMEND

that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded

allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed her "Verified Complaint to Set Aside a Wrongful Foreclosure and for

Damages" on March 30, 2012 [Doc. #1] (the "Complaint").  The Complaint asserts a total of

seventeen claims against the plaintiff's lender; the lender's foreclosure counsel; the bankruptcy

trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS"), for violations of the Fair

Debt Collection Practices Act, conspiracy, fraud, lack of standing, and violations of the Colorado

Consumer Practices Act .[1]

## III.  ANALYSIS

MERS states that the plaintiff's claims against it must be dismissed for failure to state a

claim upon which relief can be granted because the Complaint does not contain any well-pled

allegations regarding any wrongdoing or involvement by MERS.  I agree.

The plaintiff's most specific allegations against MERS are found in her "Statement of

Facts":[2]

> 62.   MERS members are bound by, their membership with MERS,
> and according to MERS, MERS cannot "assign, sell, tranfer,
> convey", or give the Security Deed or Note to anyone.  MERS'

---

[1]On October 25, 2012, the court dismissed the claims against the lender's foreclosure counsel, Robert J. Hopp & Associates, LLC and Robert J. Hopp; and the bankruptcy trustee, Sally Zeman [Doc. #22].  The lender, JP Morgan Chase Bank, N.A., has answered the Complaint [Doc. #5].

[2]I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

own Procedure Manuals show that "Although the MERS System tracks changes in ownership of the beneficial rights for loans registered on the MERS System, the MERS System cannot transfer the beneficial rights to the debt.  The debt can only be transferred by properly endorsing the promissory note to the transferee.

63.   MERS is incorporated under Delaware law.

64.   There is a lawsuit brought by Delaware Attorney General against MERS.

65.   A statement made by Delaware Attorney General concerning the suit filed and the illegal acts of MERS is shown at **"Exhibit I".**[3]

*Complaint*, ¶¶ 62-65 (emphasis in original) (plaintiff's footnote deleted).

Claims One, Three, Four, Five, Six, Twelve, Fifteen, Sixteen, and Seventeen are brought against all defendants.  Of these claims, only Claim Fifteen mentions MERS by name.[4]  However, none of these claims, including Claim Fifteen, contain any factual allegations of actions or inactions by MERS.

The plaintiff's remaining allegations against MERS are asserted within Claims Seven, Eight, Nine, Ten, Thirteen, Fourteen, and Fifteen.  These claims also lack any specific factual

---

[3]The plaintiff did not attach any exhibits to the Complaint.

[4]Claim Fifteen incorporates by reference all previous allegations, and states:

The above described conduct and actions by the defendants, shows a systematic pattern and practice that caused the OCC on April 14, 2011, to levy Cease and Desist Orders, and Consent Orders against JP Morgan, and MERS, as well as other lending and servicing entities for their unlawful acts in the lending, servicing and foreclosure activities.

Id. at 153.

allegations against MERS.  Claim Seven's allegations against MERS are exemplary of the vague

and conclusory manner in which the plaintiff has pled her claims against MERS:

> 109.   Defendants JP Morgan, and possibly MERS have conducted business as mortgage loan originators with respect to loans that are secured by a first or subordinate mortgage, or DOT lien against a dwelling.
>
> 110.   Through the above described conduct, Defendants JP Morgan, and MERS knowingly, willingly, wantonly, and with malicious intent, made false promises or misrepresentations or concealed essential and/or material facts to entice borrowers and creditors to enter into mortgage agreements when, under the terms and circumstances of the transactions.
>
> 111.   Defendants had actual knowledge, or reasonably should have had actual knowledge of such falsity, misrepresentation, or concealment, in violation of § 38-40-105(1)(b) C.R.S. (2009).
>
> 112.   Thereby defendants violated § 6-1-105(1)(uu) of the CCPA. See also § 38-40-105(3) C.R.S. (2009).
>
> 113.  Through the above described unlawful deceptive trade practices, JP Morgan and MERS knowingly, willingly, wantonly, and with malicious intent, deceived and misled the consumer Plaintiff.

*Complaint*, ¶¶ 109-113.

Although the plaintiff incorporates by reference into Claim Seven the previous

allegations of the Complaint, the only previous allegations that pertain to MERS are the quoted

allegations regarding provisions of MERS' procedural manual and a lawsuit against MERS by

the Delaware Attorney General.  *Complaint*, ¶¶ 62-65.  There are no specific allegations against

MERS of false promises, deceptions, or misrepresentations.  Nor are there any factual allegations

to show that MERS had any involvement with the plaintiff's home loan or with the alleged

wrongful foreclosure.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.  See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated.  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

In addition, the plaintiff asserts numerous claims against MERS for fraud and violations of the Colorado Consumer Protection Act.  These claims must be stated with particularity, and must "set forth the identity of the party making the false statements, that is, which statements were allegedly made by whom" in order to "give notice to the defendants of the fraudulent statements for which they are alleged to be responsible."  Fed.R.Civ.P. 9(b); Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1253 (10th Cir. 1997); D.R. Horton, Inc. v. The Travelers Indemnity Co. of America, No. 10-cv-02826-WJM-KMT, 2012 WL 527204 at *3 (D.Colo. February 16, 2012).

Here, the Complaint is devoid of factual detail regarding any wrongdoing by MERS. Moreover, the plaintiff does not clarify her claims against MERS in her response to the defendant's Motion.  *Plaintiff's Responsive Objections to Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss* [Doc. #13].  Accordingly, the Motion should be granted insofar as it seeks dismissal of the Complaint against MERS for failure to state a claim upon which relief can be granted.

The defendant has requested an award of costs and attorney fees.  The request is premature and is denied without prejudice.  The defendant may renew its request for costs and attorney fees, if appropriate, after the district judge enters an order on the Motion.

## IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND[5] that the Motion be GRANTED and that the claims against MERS be DISMISSED WITH PREJUDICE.

FURTHER, IT IS ORDERED that the defendant's requests for costs and attorney fees is DENIED WITHOUT PREJUDICE.

Dated December 7, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[5]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).