IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00821-RM-BNB

FRANCES RILEY,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion and Memorandum of Law in Support of Motion for Withdrawal of Admissions** [Doc. #54, filed 11/13/2013] (the "Motion"). The Motion is DENIED.

On June 20, 2013, the defendant served its First Set of Written Discovery Requests, including requests for admission. The plaintiff's responses were originally due on or before July 20, 2013. Prior to that deadline, the plaintiff contacted defendant's counsel by phone and requested an extension of time until July 26, 2013, to serve her responses. Defendant's counsel agreed to the extension. However, the plaintiff did not serve her responses. On August 21, 2013, the plaintiff filed "Plaintiff's Emergency Request for Continuance and Stay on All Discovery, or in the Alternative, Motion for Extension of at Least Five Days to Respond to Defendant's Discovery Requests Due to Family Health Related Emergency" [Doc. #45]. On August 26, 2013, I granted the plaintiff an additional five days to respond to the defendant's discovery requests [Doc. #47]. The plaintiff again failed to serve responses to the defendant's

discovery requests.  Instead, she filed the instant Motion--two and a half months after the extended deadline--seeking to "withdraw" the deemed admissions.

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  *Pro se* litigants must comply with the fundamental requirements of the Federal Rules of Civil Procedure, however.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 36, Fed. R. Civ. P., provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or opinions about either; or (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Id. at 36(a)(3).  Because the plaintiff failed to respond to the defendant's Requests for Admissions within 30 days, they are deemed admitted.

Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Fed. R. Civ. P. 36(b).  "The court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Id.

Here, the defendant has filed a motion for summary judgment relying on the plaintiff's admissions.  In her opposition brief, the plaintiff does not provide *any* evidence to support her

claims.[1] The plaintiff has made no showing that withdrawing her admissions would advance the presentation of merits of her case. In addition, after the plaintiff's repeated failure to respond to its discovery requests, the defendant made a decision to forego further discovery attempts, rely on the admissions, and file a motion for summary judgment. Because the defendant's litigation strategy was based on the belief that certain matters were established conclusively, withdrawal of the admissions at this stage of the litigation would severely prejudice the defendant. Allsopp v. Aklyama, Inc., Civil Action No. 09-cv-00063-WYD-KMT, 2010 WL 1258006 at *2 (D.Colo. March 26, 2010) (rejecting defendant's attempt to withdraw its admissions where defendant was unrepresented at the time it failed to respond to the requests for admissions; discovery was closed; plaintiff's summary judgment motion was pending; and plaintiff relied on the admissions in making decisions about the scope and necessity of discovery).

IT IS ORDERED that Plaintiff's Motion and Memorandum of Law in Support of Motion for Withdrawal of Admissions [Doc. #54] is DENIED.

Dated March 4, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Moreover, the allegations of the Complaint are not evidence because, although the Complaint is titled "Verified Complaint," its allegations are unsworn and are not subscribed by the plaintiff as true under penalty of perjury pursuant to 28 U.S.C. § 1746.