IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00821-RM-BNB

FRANCES RILEY,

Plaintiff,

v.

JP MORGAN CHASE BANK N.A.,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion for Summary Judgment** [Doc. #48, filed 10/10/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks summary judgment on the plaintiff's claims pursuant to sections 38-40-105; 12-61-904.5; and 12-61-911, C.R.S.; and be GRANTED in all other respects.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed her "Verified Complaint to Set Aside a Wrongful Foreclosure and for Damages" on March 30, 2012 [Doc. #1] (the "Complaint").[1] The Complaint asserts a total of

---

[1] Although the plaintiff's Complaint is titled "Verified Complaint," its allegations are unsworn and are not subscribed by the plaintiff as true under penalty of perjury pursuant to 28 U.S.C. § 1746.

seventeen claims against defendant JPMorgan Chase Bank N.A. ("Chase"); Chase's foreclosure counsel; a bankruptcy trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS"), for violations of the Fair Debt Collection Practices Act; conspiracy; fraud; lack of standing; and violations of the Colorado Consumer Practices Act . On October 25, 2012, the court dismissed the claims against the lender's foreclosure counsel and the bankruptcy trustee [Doc. #22]. On January 15, 2013, the court dismissed the claims against MERS [Doc. #24]. The remaining defendant, Chase, seeks summary judgment on the claims against it.

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial.  <u>Celotex</u>, 477 U.S. at 324.  Only admissible evidence may be considered when ruling on a motion for summary judgment.  <u>World of Sleep, Inc. v. La-Z-Boy Chair Co.</u>, 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  UNDISPUTED MATERIAL FACTS

1.  In 2007, the plaintiff and Dennis W. Riley obtained a loan from Chase in the amount of $429,200.00 (the "Loan") as evidenced by a $429,200.00 promissory note (the "Note") and a deed of trust (the "Deed of Trust").  *Complaint*, p. 4, ¶ 12; and *Motion*, Ex. A, Requests For Admissions ("RFA") No. 1.[2]

2.  The plaintiff and Dennis W. Riley signed the Note.  *Complaint*, p. 4, ¶ 12; *Motion*, Ex. A, RFA No. 2 and First Attachment (also labeled as Ex. A).

3.  The Loan was secured by the Deed of Trust encumbering the property commonly known as 45388 Coal Creek Rd., Parker, Colorado 80138 (the "Property").  *Complaint*, p. 4, ¶ 12; *Motion*, Ex. A, RFA No. 3.

4.  The plaintiff and Dennis W. Riley signed the Deed of Trust.  *Complaint*, p. 4, ¶ 12; *Motion*, Ex. A, RFA No. 4 and Second Attachment (labeled as Ex. B).

5.  The plaintiff understood when the Loan was obtained that the Property was the security for the Loan.  *Motion*, Ex. A, RFA No. 5.

6.  The plaintiff understood when the Loan was obtained that if the required payments were not made, the lender could foreclose on the Property.  *Motion*, Ex. A, RFA No. 6.

---

[2]The defendant's Requests for Admissions have been deemed admitted.  By separate order, I have denied the plaintiff's motion to withdraw the admissions.

7. As a part of the closing to obtain the Loan, the plaintiff signed the Transfer of Servicing Disclosure Statement. *Motion*, Ex. A, RFA No. 7 and Third Attachment (labeled as Ex. C).

8. As a part of the closing to obtain the Loan, the plaintiff signed the Notice of Assignment, Sale or Transfer of Servicing Rights. *Motion*, Ex. A, RFA No. 8 and Fourth Attachment (labeled as Ex. D).

9. As a part of the closing to obtain the Loan, the plaintiff signed the Error and Omissions / Compliance Agreement. *Motion*, Ex. A, RFA No. 9 and Fifth Attachment (labeled as Ex. E).

10. The plaintiff failed to make payments due under the Note and became delinquent on the Loan. *Motion*, Ex. A, RFA No. 10.

11. The plaintiff sought a modification of the Loan in 2009 and 2010. *Motion*, Ex. A, RFA No. 11.

12. At the end of 2009 and/or the beginning of 2010, the plaintiff was participating in the Chase Modification Program. Under the Chase Modification Program, the plaintiff was required to make certain payments under a modification trial plan in order to become eligible for a permanent loan modification. *Motion*, Ex. A, RFA No. 12.

13. The plaintiff failed to make the required payments due under the modification trial plan. *Motion*, Ex. A, RFA No. 13.

14. Chase is the current holder of the Note and Deed of Trust. *Motion*, Ex. A, RFA No. 14.

15. The Deed of Trust was originally recorded on June 6, 2007, at Reception No. 485715, Elbert County, Colorado. *Motion*, Ex. A, RFA No. 15 and Sixth Attachment (labeled as Ex. F); *Complaint*, p. 4, ¶ 12.

16. The Deed of Trust was later re-recorded on September 22, 2009, to correct the legal description. *Motion*, Ex. A, RFA No. 16 and Seventh Attachment (labeled as Ex. G).

17. The only changes made to the Deed of Trust before it was re-recorded on September 22, 2009, were: (a) the addition of words "The SW ¼ of the" to the beginning of the legal description contained on page 3 of the Deed of Trust; and (b) the addition of the following statement on page 1 of the re-recorded Deed of Trust: "***Re-Recorded to Correct the Legal Description***". *Complaint*, p. 6, ¶ 20; *Motion*, Ex. A, RFA No. 17.

18. The correct legal description of the Property commonly known as 45388 Coal Creek Rd., Parker, Colorado 80138 is as follows:

> THE SW ¼ OF THE SE ¼ OF SECTION 14, TOWNSHIP 6
> SOUTH, RANGE 65 WEST OF THE 6th P.M., TOGETHER
> WITH A NON-EXCLUSIVE RIGHT TO USE THOSE CERTAIN
> EASEMENTS DESCRIBED IN BOOK 292 AT PAGE 176 AND
> TOGETHER WITH EASEMENT DESCRIBED IN BOOK 295
> AT PAGE 782, COUNTY OF ELBERT, STATE OF
> COLORADO.

*Motion*, Ex. A, RFA No. 18.

19. The plaintiff suffered no harm by the re-recording of the Deed of Trust to correct an error in the legal description. *Motion*, Ex. A, RFA No. 19.

20. In filing this lawsuit, the plaintiff used a copy of a lawsuit previously filed against BNC (known as 11A03070-5) as a template for preparing her complaint against Chase and others. *Motion*, Ex. A, RFA No. 20.

21. The plaintiff used the Loan at least in part to pay off a prior deed of trust that encumbered the Property. *Motion*, Ex. A, RFA No. 21.

22. The plaintiff used the Loan at least in part to pay off unsecured debt. *Motion*, Ex. A, RFA No. 22.

23. The plaintiff accepted the Loan on the terms stated in the Note and Deed of Trust. *Complaint*, p. 4, ¶ 12; *Motion*, Ex. A, RFA No. 23.

24. The plaintiff's signature has not been forged on any of the documents pertaining to this litigation. *Motion*, Ex. A, RFA No. 24.

25. The signature of Dennis W. Riley has not been forged on any of the documents pertaining to this litigation. *Motion*, Ex. A, RFA No. 25.

### III.   ANALYSIS

#### A.   Claim One: Fair Debt Collection Practices Act

Claim One alleges that Chase violated the Fair Debt Collection Practices Act ("FDCPA"). *Complaint*, p. 19. The FDCPA applies only to debt collectors. 15 U.S.C. § 1692. A debt collector is generally defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. at § 1692a(6). The FDCPA excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *not in default* at the time it was obtained by such person . . . ." Id. at § 1692a(6)(F)(iii) (emphasis added).

It is undisputed that the loan was not in default at the time Chase obtained the loan. Therefore, Chase is not a debt collector under the FDCPA and the plaintiff may not assert an FDCPA claim against Chase.  15 U.S.C. § 1692a(6)(F)(iii); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).  The Motion should be granted insofar as it seeks summary judgment in favor of Chase on Claim One.

### B.  Claim Two: Colorado Fair Debt Collection Laws

In Claim Two, the plaintiff alleges that Chase violated the Colorado Fair Debt Collection Laws when it failed to provide her "a written notice outlining the amount she owed, and the name of the secured creditor" after she disputed the debt  *Complaint*, p. 22, ¶¶ 88-89.

Colorado has enacted its own Fair Debt Collection Practices Act.  C.R.S. § 12-14-101 *et seq.*  The Colorado Fair Debt Collection Practices Act ("CFDCPA") is patterned after the federal Fair Debt Collection Practices Act.  Commercial Service of Perry, Inc. v. Fitzgerald, 856 P.2d 58, 60 (Colo.App. 1993).

The CFDCPA requires debt collectors and collection agencies to validate a disputed debt. C.R.S. § 12-14-109.  The CFDCPA defines a collection agency as any person who "engages in a business the principal purpose of which is the collection of debts"; "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"; "takes assignment of debts for collection purposes"; or "directly or indirectly solicits for collection debts owed or due or asserted to be owed or due another."  C.R.S. § 12-14-103(2)(a).  The definition of a collection agency does not include (1) a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that . . . [s]uch activity concerns a debt which was not in default at the time it was obtained by

7

such person" or (2) a "person whose principal business is the making of loans or the servicing of debt not in default and who acts as a loan correspondent . . . ." Id. at § 103(2)(b)(VII)(C) and (VIII). A debt collector is defined as "any person employed or engaged by a collection agency to perform the collection of debts owed or due or asserted to be owed or due to another . . . ." Id. at § 103(7).

The undisputed facts establish that Chase is not a collection agency or a debt collector under Colorado's Fair Debt Collection Practices Act for the same reasons it is not a debt collector under the federal Fair Debt Collection Practices Act. Accordingly, the plaintiff may not sue Chase under the CFDCPA.

### C. Claims Three through Twelve: Colorado Consumer Protection Act

The plaintiff's Third through Thirteenth Claims allege violations of the Colorado Consumer Protection Act ("CCPA"). To succeed on a claim under the CCPA, a plaintiff must establish "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." Hall v. Walter, 969 P.2d 224, 235 (Colo. 1998).

"[A]llegations of deceptive trade practices under the [CCPA] are subject to Rule 9(b)'s requirement of particularity." Duran v. Clover Club Foods Co., 616 F. Supp. 790, 793 (D. Colo. 1985). Rule 9(b), Fed. R. Civ. P., requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." These claims must "set forth

8

the identity of the party making the false statements, that is, which statements were allegedly made by whom" in order to "give notice to the defendants of the fraudulent statements for which they are alleged to be responsible." Fed.R.Civ.P. 9(b); Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1253 (10th Cir. 1997); D.R. Horton, Inc. v. The Travelers Indemnity Co. of America, No. 10-cv-02826-WJM-KMT, 2012 WL 527204 at *3 (D.Colo. February 16, 2012).

The plaintiff's allegations against Chase are vague and conclusory. Therefore, the allegations are insufficient to state a claim upon which relief can be granted under the CCPA.[3]

### D. Claims Thirteen and Fourteen

The defendant states that Claims Thirteen and Fourteen are not asserted against it. Although the titles of the claims state that they are asserted against "Defendants BNC [and] MERS," the body of both claims contain allegations against Chase for violations of the CCPA and section 12-61-911, C.R.S. The CCPA claims are vague and conclusory and must be dismissed for the reasons stated above. The claims brought pursuant to section 12-61-911 are discussed below.

### E. Claim Fifteen: Conspiracy to Defraud

In Claim Fifteen, the plaintiff alleges that Chase conspired with the other defendants "to put Plaintiff into a loan that defendants had actual knowledge that Plaintiff would not be able to pay, after payments began escalating." *Complaint*, p. 34, ¶ 152.

---

[3]The only factual allegations against Chase are found in the Complaint's "Statement of Facts." Those allegations address the re-recording of the Deed of Trust. *Complaint*, ¶¶ 12, 17-20, 30-33, 69. However, the plaintiff has admitted that she suffered no harm as a result of the re-recording of the Deed of Trust.

In order to establish a civil conspiracy under Colorado law, a plaintiff must show that there are "(1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." Jet Courier Service, Inc. v. Mulei, 771 P.2d 486, 502 (Colo. 1989).

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).

The plaintiffs' allegations of conspiracy are vague and conclusory. The Complaint does not contain any specific allegations sufficient to plausibly support a claim for conspiracy. The Motion should be granted insofar as it seeks summary judgment on Claim Fifteen.

### F. Claimسixteen: Lack of Standing to Pursue Foreclosure

In Claim Sixteen, the plaintiff alleges that Chase lacked standing to pursue foreclosure of the Property. However, the plaintiff has admitted that she obtained the Loan from Chase as evidenced by the Note and secured by the Deed of Trust; she defaulted on the Note; she failed to make the required payments under a modification plan with Chase; and that Chase is the holder of the Note and the Deed of Trust. In light of these admissions, Chase is entitled to judgment on Claim Sixteen.

### G. Claim Seventeen: Fraud Upon the Court to Obtain Favorable Rulings

Claim Seventeen alleges that Chase and others "perpetrated a fraud upon the Courts to obtain rulings in their favor, that allowed them to proceed with foreclosure and Sale Under Power." *Complaint*, p. 37, ¶ 167. The allegations of Claim Seventeen are vague and conclusory; the plaintiff does not allege any specific facts to support this claim. Moreover, based on the plaintiff's admissions, Claim Seventeen cannot stand against Chase.

### H.  Claim for Injunctive Relief

The plaintiff's claim for injunctive relief is unclear. She states that she "will be submitting to this Honorable Court a Petition for Emergency Restraining Order / Preliminary Injunction, Order to Show Cause, so that she may be able to stay in her home." She has not submitted any additional materials regarding a request for injunctive relief, and she has not submitted any argument or evidence to show that she is entitled to injunctive relief. To the contrary, she has admitted that she defaulted on her Loan and that the Loan was secured by the Deed of Trust encumbering the Property.

### I.  Remaining Claims

The plaintiff also asserts claims pursuant to sections 38-40-105 (prohibited acts by participants in certain mortgage loan transactions); 12-61-904.5 (originator's relationship to borrowers); and 12-61-911 (prohibited conduct by a mortgage originator), C.R.S. (Claims Seven through Ten and Twelve through Fourteen). Although the defendant seeks dismissal of all of the plaintiff's claims, it does not address these claims. The Motion should be denied insofar as it seeks dismissal of these claims.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant's Motion for Summary Judgment [Doc. #48] be GRANTED IN PART and DENIED IN PART as follows:

• DENIED with respect to the plaintiff's claims pursuant to sections 38-40-105; 12-61-904.5; and 12-61-911, C.R.S; and

• GRANTED in all other respects.[4]

Dated March 4, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).