**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-00821-RM-BNB

Frances Frane

     Plaintiff,

v.

JP Morgan Chase Bank N.A.,

     Defendant.

**ORDER**

## I.    INTRODUCTION

This matter is before this court on United States Magistrate Judge Boyd N. Boland's Recommendation (Recommendation) (ECF No. 63) and defendant JP Morgan Chase's (Chase) Limited Objection to the Recommendation (Objection) (ECF No. 65). Additionally Frances Frane (plaintiff), on November 13, 2014, filed a brief in support of Motion Pursuant to Fed.R.Civ.P. 60(b) To Set Aside United States Magistrate Judge Boyd N. Boland's Order (62) Denying Motion For Withdrawal of Admissions (54) and To Set Aside (63) United States Magistrate Judge Boyd N. Boland's Recommendation To Grant Defendant Summary Judgment, on the Basis of Newly Discovered Evidence (ECF No.72), which the court here construes as plaintiff's Objection to the Magistrate Judge's Recommendation.

On March 4, 2014, Magistrate Judge Boland recommended that this court grant defendants' Motion for Summary Judgment (ECF No. 48) dismissing plaintiff's Complaint

(Complaint) (ECF No. 1) as to all claims except those pursuant to C.R.S. §§ 38-40-105; 12-61-904.5 and 12-61-911.  Defendant has timely filed a limited objection on March 18, 2014.

For the reasons stated below, the Court AFFIRMS, ADOPTS, and MODIFIES in part the Recommendation, GRANTS defendants' Motion for Summary Judgment, OVERRULES plaintiff's Objection and DISMISSES plaintiff's claims.

## II.     LEGAL STANDARDS

### A.     Review of the Magistrate Judge's Report and Recommendation:

The facts in this case are thoroughly set forth in the Magistrate Judge's Recommendation cited above and will not be repeated here.

When a magistrate judge issues a recommendation on a dispositive matter the federal rules require that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed.R.Civ.P. 72(b)(3).  In conducting its *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

An objection to a recommendation is proper if it is timely filed and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); see also Fed.R.Civ. P. 72, Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**B. Standards for Motion for Summary Judgment:**

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132 (10th Cir. 2000).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248. The court must resolve any factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins Co.,* 52 F.3d 1522, 1527 (10th Cir. 1995).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325. After the moving party has met its initial burden, the burden shifts to the nonmoving party to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in its favor. *Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs*., 165 F.3d 1321, 1326 (10th Cir.1999).

The nonmoving party must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the court will view in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir.1995) (citing Celotex, 477 U.S. at 324). Conclusory

statements based merely on conjecture, speculation, or subjective belief, are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir.2004). Where the non-moving party bears the burden of proof at trial, s/he must point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. Reed v. Bennett, 312 F.3d 1190, 194 (10th Cir. 2002). Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

### C. *Pro Se* Status:

Plaintiff in this matter is proceeding *pro se*. The court, therefore, reviews her pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); see also *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc'd Gen. Contractors of Cal., Inc. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those

issues) (citations omitted). Plaintiff's *pro se* status does not entitle her to application of different rules of civil procedure. See *Hall*, 935 F.2d at 1110.

### III BACKGROUND

**A.     Procedural History:**

Plaintiff's Complaint alleges 17 separate claims for relief and a claim for unspecified injunctive relief against Chase, Chase's foreclosure counsel; a bankruptcy trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS"), for violations of the Fair Debt Collection Practices Act; conspiracy; fraud; lack of standing; and violations of the Colorado Consumer Practices Act. On October 25, 2012, the court dismissed plaintiff's claims against the lender's foreclosure counsel and the bankruptcy trustee. (ECF No.22). On January 15, 2013, the court dismissed plaintiff's claims against MERS. (ECF NO.24). Finally, on March 4, 2014, the Magistrate Judge recommended granting in part and denying in part, the remaining defendant's summary judgment motion. (ECF No.63).

Chase filed a timely limited objection to the Magistrate Judge's recommendation on March 18, 2014. (ECF No.65). On March 26, 2014, plaintiff responded to Chase's Limited Objection and almost eight months later, on November 13, 2014, filed what the court construes as an untimely objection based on "new evidence." (ECF Nos. 66, 72).

**B.     Undisputed Material Facts:**

The undisputed material facts as set forth in the Recommendation are hereby incorporated. The court notes that based on the record before the court, the facts specifically relating to the Motion for Summary Judgment and plaintiff's recently disputed admissions appear incontrovertible.

## IV     DISCUSSION

Defendant Chase filed a limited objection to the Recommendation to dismiss all plaintiff's claims except C.R.S. §§ 38-40-105; 12-61-904.5 and 12-61-911, which the Magistrate Judge noted were not addressed by Chase's Motion for Summary Judgment. (ECF Nos. 63 and 65). Chase admits that the identified statutes were not specifically listed in its Motion for Summary Judgment. (ECF No.65, pp.2, 4 and 5). Chase contends that although the statutes are omitted from the motion, they are expressly included in the statutes identified and thus should be included in a general dismissal of plaintiff's claims. See E.g., ECF No. 65, p.2, "C.R.S. §38-40-405 . . . is expressly identified in C.R.S. §6-1-105(1)(uu)". Upon examination of the referenced statute, I agree.

Plaintiff's objection reiterates her arguments regarding both the legitimacy of the proffered loan documents (arguing without material support, that she does not admit to signing them), and the validity of the imputed admissions which resulted from her failure to timely answer Chase's Request for Admissions despite several extensions of time. (ECF No.66). Plaintiff's argument regarding the Magistrate Judge's denial of plaintiff's request to withdraw her admissions which the court had previously deemed admitted, will not be readdressed here given that her argument has already been amply addressed in the Magistrate Judge's three-page order issued on March 4, 2014. (ECF No. 62; 63, p.3, n.2).

Upon my *de novo* review of the record in this matter, according the leniency required by plaintiff's *pro se* status, I am satisfied, that the Magistrate Judge appropriately relied upon either undisputed facts or facts as to which plaintiff presented no contrary evidence to support her claim that they were disputed and applied all other summary judgment standards to the record before him. Plaintiff's vague denials, conclusory allegations and failure to allege any specific

facts to support her claims, do not provide sufficient foundation to enable her claims against Chase to survive summary judgment.

I concur that, as detailed in the Recommendation: Chase is not a collection agency as defined by the statute and therefore plaintiff's Claim One and Two fail to state a claim under either federal and state law; plaintiff's Claims Three through Twelve fail to state with requisite particularity, much less support with facts, any actions by Chase which might constitute fraud or an unfair or deceptive trade practice[1]; plaintiff's Claims Thirteen, Fourteen and Fifteen do not contain sufficiently specific allegations to support a claim of deceptive trade practice or conspiracy and are unsupported by the facts; Claim Sixteen fails because Chase clearly has standing to pursue foreclosure on the property securing the defaulted Note and Deed of Trust; and Claim Seventeen fails to enunciate specific facts to support plaintiff's claim of fraud. Finally, plaintiff's claim for injunctive relief to allow her "to stay in her home," is controverted by the evidence that plaintiff admits that she defaulted on her loan which was secured by the Deed of Trust encumbering the property.

Finally, I sustain Chase's limited objections to the Magistrate Judge's denial of summary judgment on plaintiff's claims pursuant to C.R.S. §§ 38-40-105; 12-61-904.5 and 12-61-911. These portions of the statute[2] are expressly included in Chase's larger citation(s) and thus any claims pursuant to sections C.R.S. §§ 38-40-105 (prohibited acts by participants in certain mortgage loan transactions), 12-61-904.5 (originator's relationship to borrowers) and 12-61-911

---

[1] Chase's re-recording of the Deed of Trust did not harm plaintiff in any discernible way.
[2] C.R.S. § 6-1-105 Deceptive Trade Practices:
(1) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person:
. . .
(uu) Violates section 38-40-105, C.R.S;
. . .
(aaa) Violates any provision of section 12-61-904.5, C.R.S;.;
(bbb) Violates any provision of section 12-61-911, C.R.S.; . . . .

(prohibited conduct by a mortgage originator) fail under the above referenced Magistrate Judge's analysis.

## V. CONCLUSION

For the reasons stated above I therefore AFFIRM, ADOPT and MODIFY the Recommendation (ECF No.63) as noted above; GRANT defendant's Motion for Summary Judgment (ECF No.48), OVERRULE plaintiff's Objection (ECF No. 77) and DISMISS all of plaintiff's claims against defendant Chase. The Clerk of the Court is directed to enter JUDGMENT in this matter as follows:

(1) in favor of defendant JP Morgan Chase Bank, N.A., in accordance with this Order;

(2) in favor of Defendants Law Offices of Robert Hopp& Associates, LLC, Robert J. Hopp and Sally Zeman in accordance with the "Order Adopting September 27, 2012, Recommendation of Magistrate Judge and Dismissing Plaintiff's Complaint Without Prejudice as to Some Defendants (ECF No.22) dated October 22, 2012; and

(3) in favor of Defendant Mortgage Electronic Registration Systems, Inc., in accordance with the "Order Adopting December 7, 2012, Recommendation of Magistrate Judge and Granting Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (ECF No.24) dated January 15, 2013.

IT IS SO ORDERED

DATED this 3rd day of August, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge